**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARLON BRAMWELL | § | |
| VS. | § | CIVIL ACTION NO.   1:17-CV-518 |
| WARDEN, USP BEAUMONT | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ACCEPPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marlon Bramwell, a federal prisoner previously confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court.  The Magistrate Judge recommends dismissing the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings.  The petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes the objections are without merit.

The petitioner argues that the Magistrate Judge should have considered the merits of his claims concerning alleged constitutional violations during a prison disciplinary proceeding.

Prisoners are entitled to certain due process rights if a disciplinary action results in a sanction that will impose upon a liberty interest.  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  In this case, the sanctions do not impose on a liberty interest.  Although the petitioner was disallowed the ability to earn 27 days good time credit, he is unable to accumulate good time credits because he is serving a life sentence.  *See* 18 U.S.C. § 3624(b)(1).  Therefore, the disallowance of good time will not affect the duration of the petitioner's sentence.  Also, federal prisoners do not have a liberty interest in prospective good time credit.  *Stine v. Fox*, 731 F. App'x 767, 769 (10th Cir. 2018).  Because the disallowance of good time credit does not affect a liberty interest in this instance, the petitioner's due process claims lack merit.

The petitioner also asserts that his prison records should be corrected under the Privacy Act to eliminate the 27 days of disallowed good time credit since that punishment is not available under federal law.  Because the petitioner's Privacy Act claim does not concern the fact or duration of his confinement, it is not cognizable in a petition for writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## **ORDER**

Accordingly, petitioner's objections (docket entry #20) are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate

2

Judge (docket entry #19) is **ACCEPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

So ORDERED and SIGNED, Oct 30, 2020.

Ron Clark
Senior Judge